CONNER
*vs.*
RAGLAND, &c.

it, and after-
wards sue in
conjunction with
her husband in
her own person-
al right, the de-
fendant may re-
ly upon the in-
dividual account
of the adminis-
tratrix as a set-
off.

---

PET. EQ.

Case 18.

### Conner *vs.* Ragland, &c.

APPEAL FROM BATH CIRCUIT.

1. By the 1st section of the 42nd chapter of the Revised Statutes, page 367, all gaming is declared unlawful, and all contracts for the consideration of money, property, or other things lost or bet are declared void. Betting on elections is embraced by the statute.

2. The 2nd section of the same act authorizes the loser to sue where the thing lost is of the value of five dollars, if suit is brought in five years; and the 3d section gives the right to go into a court of equity for a discovery and relief against the winner.

3. The 5th section requires a stake holder, on request, to give up the money or other thing staked, and for failure makes him liable to the party aggrieved.

4. When a loser sues within six months after payment, the recovery is for his own benefit, when another sues after six months, and treble the amount is recovered, one-half the amount belongs to the commonwealth.

5. The stake holder is liable for money or other thing that may be staked on any *bet* or *wager*, if he fail, when required, to return it to the person making the stake.

Case stated.

In August, 1853, Conner bet with Ragland $162 50 in money, and a note which he held on Hood for $400, on the election. The money and note was staked in the hands of Thompson, and the note assigned to him, and he is alleged to be a partner with

Ragland in the bet. Conner brings this suit against Ragland and Thompson for the recovery of the money and note, or the money due upon the note. The Circuit Court dismissed the petition, and Conner has appealed to this court.

*Rand & Nesbit*, for appellant—

This case must be governed by the laws in force in August, 1853, when the bet was made between the parties. (See *Rev. Stat. chapter* 47, *page* 367.) This statute embraces every description of bet or wager. The act of 1854 only affixes a higher penalty, and no inference can be drawn from the passage of this act that the former statute did not embrace a betting on elections.

Betting on elections is against the policy of the law, (*Bevil vs. Hix*, 12 *B. Mon.* 142,) and the law will not sanction any contract based on gaming in any form, and the court should have rendered judgment for the $162 50 against Ragland and Thompson, and for the $400, as the money upon the note was due, and Hood, the debtor, was before the court. We ask a reversal.

*Farrow*, for appellee—

The law referred to in the decree of the Circuit Court, and the cases referred to, are relied to sustain the decree rendered, and comment is deemed unnecessary.

Judge SIMPSON delivered the opinion of the Court—

By the 1st section of the 42nd chapter of the Revised Statutes, page 367, every contract for the consideration of money, property, or other thing lost or bet at any game, sport, pastime, or wager, is declared absolutely void.

The second section authorizes the recovery from the winner by the loser, of the amount of money or property lost, if it amount to five dollars or more, by

June 26.

1. By the 1st section of the 42 chapter of the Revised Statutes, page 367, all gaming is declared unlawful, and all contracts for the consideration of money, property, or other thing lost or bet

are declared void. Betting on elections is embraced by the statute.

2. The second section of the same act authorizes the loser to sue where the thing lost is of the value of five dollars, if suit is brought in five years; and the third section gives the right to go into a court of equity for a discovery and relief against the winner.

3. The fifth section requires a stake holder, on request, to give up the money or thing staked, and for failure makes him liable to the party aggrieved.

4. When a loser sues within six months after payment, the recovery is for his own benefit, when another sues after six months, and treble the amount is recovered, one-half the amount belongs to the commonwealth.

5. The stake holder is liable for money or other thing that may be staked on any *bet* or *wager*, if he fail, when required, to return it to the person making the stake.

suit brought within five years after the payment or delivery.

The third section gives to the loser the right to go into a court of equity for discovery and relief against the winner.

The fifth section requires the stockholder of any money or other thing that may be staked on any bet or wager, to return the same to the person making the stake or deposit, when thereto notified, and for a failure to do so makes him liable to the party aggrieved, for the amount or value of the stake placed in his hands.

Under this statute all gaming contracts are void. A bet at any game, sport, or pastime, may not embrace a bet on an election, but the term *wager* is more comprehensive, and includes every description of betting. A bet on an election is embraced by it.

The loser may sue for the money or thing lost, within six months after its payment or delivery, and the recovery will be for his own benefit. It is only where another person sues after the expiration of the six months, and recovers treble the amount or value of the money or thing lost, that one-half of the amount recovered belongs to the commonwealth.

The stakeholder is made liable for money or other thing that may be staked, on *any bet* or *wager*, if he fail when required to return it to the person making the stake. This language is broad, and embraces every kind of betting or wagering.

In this case the bet was made on the election. The statute made it illegal and void, although it did not inflict any penalty on the parties for making it. The loser has a right to recover the money and note staked by him. The contract being void, no right to the note passed by it to the winner. As the maker of the note was before the court, he should have been required to pay the amount of it to the plaintiff. The stakeholder rendered himself liable for the money which had been deposited with him. He had not paid it over to the winner when this action was

brought, and consequently it must be considered as still remaning in his hands.

Wherefore, the judgment dismissing the plaintiff's petition is reversed, and cause remanded with directions to render a judgment in conformity with this opinion.